## No. 9764
### Orleans

---

### RUFFO v. MARCOTTE

---

(November 2, 1925, Opinion and Decree)
(November 30, 1925, Rehearing Refused)
(May 4, 1926, Decree by Supreme Court. Reversed.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Attorneys—Par. 45, 49, 66.**

An attorney-at-law has no lien upon or right to apply the funds of his client given to him for a special purpose to the payment of his fees for professional services.

Appeal from Civil District Court for the Parish of Orleans, No. 131,417, Hon. Mark M. Boatner, Judge, Division "B".

Action by Mr. and Mrs. Ernest Ruffo against H. E. Marcotte.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Victor K. Kiam and Jos. H. Brewer, of New Orleans, attorneys for plaintiff, appellee.

Bernard Titche, Paul W. Maloney and Bernard Titche, Jr., of New Orleans, attorneys for defendant, appellant.

### OPINION

CLAIBORNE, J. This is an appeal taken by Paul W. Maloney, garnishee herein, from a judgment on a rule to traverse condemning him to pay over to plaintiff the amount of a certain judgment

which plaintiff obtained against the defendant, H. E. Marcotte.

After the appeal was lodged in this court and while awaiting a hearing, the plaintiff collected the judgment with interest and costs from defendant, as is made to appear by motion filed in this court. Plaintiff's counsel, when the case was called for trial, sought to have the appeal dismissed since his client had been paid in full and was, therefore, without interest in collecting the judgment against appellant, garnishee, but the appellant, who is a member of this bar, objected, claiming the right to have the judgment appealed from reviewed in order to determine the question of costs.

The reason assigned by appellant as justifying the reversal of the judgment appealed from is the alleged error of the trial judge in holding that funds deposited by defendant with appellant were subject to garnishment process at the instance of a creditor of defendant and not applicable to the payment pro tanto of attorney's fees and costs due appellant.

The money deposited with appellant by defendant was for the purpose of paying the rent for a certain dwelling occupied by defendant and the judgment made the basis of garnishment process was based upon a claim for the same rent of the same dwelling.

There was a reason for the failure of appellant to pay the rent which absolves him of any blame, but, nevertheless, the money was paid him for a special purpose and was, therefore, a deposit which was not subject to be compensated by unliquidated claims for attorney's fees and costs. Mutual Natl. Bank vs. Kenan Slawson, 35 La. Ann. 1129.

We find no error in the judgment appealed from and it is, therefore, affirmed insofar as it condemns appellant to pay costs.